UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

**KEITH DALTON ELRINGTON JR.**

        *Plaintiff,*

– against –

**ROBIN SHEARES, Justice of the Supreme Court**

        *Defendant.*

**MEMORANDUM & ORDER**
24-cv-04196 (NCM)(TAM)

---

**NATASHA C. MERLE**, United States District Judge:

*Pro Se* plaintiff Keith Dalton Elrington Jr. brings this action against the justice presiding over a civil action concerning the home where he resides. The action is currently proceeding in the Supreme Court of the State of New York, Kings County. *See generally* Compl., ECF No. 1. Plaintiff also submitted a proposed Order to Show Cause seeking to vacate an order of eviction entered by the state court. Proposed Order to Show Cause ("Proposed Order"), ECF No. 3. For the reasons stated below, plaintiff's complaint is dismissed and the motion for injunctive relief is DENIED.

## BACKGROUND

Plaintiff states that he has resided at 231 Macon Street in Brooklyn since 1978 and continues to reside at the property with his family, including his parents. Compl. at 5.[1] He claims "ownership and occupancy of the premises under color of law adverse possession" and "hostile open notorious exclusive actual possession of the premises since 1992."

---

[1]    The Complaint comprises portions of the form civil rights complaint and a separate section containing numbered paragraphs. For ease of reference, the Court refers to the pages assigned by the Electronic Case Filing System ("ECF").

Compl. at 5. He alleges that "Etai Vardi, his alter ego LLC and his business partner Eliot Ambalo . . . deposited unto [sic] our property what my attorney at the time described as a 'void ab initio' deed" on November 18, 2020, and claimed that they had purchased the premises from "the last owner on title for $14,266.00." Compl. at 5–6. The property, identified in the Office of the City Register records as Lot 0064 in Block 01846 in Brooklyn, lacks a recorded deed or mortgage naming plaintiff or his parents as owners of record with interests in the property. Compl., Ex. C.

Plaintiff describes a civil action brought by his parents in Kings County Supreme Court, Docket No. 523196/2021. In that action, plaintiff's parents, who are not parties to this federal lawsuit, brought claims for fraud and conversion against Etai Vardi *inter alios* and asserted their own claims to the property. Compl. at 6. Defendant Robin Sheares was the presiding justice in the Kings County Supreme Court action. *See* Compl. at 7.

In July 2022, plaintiff's parents entered into a stipulation of settlement, in which they agreed to deliver the property vacant by January 15, 2023 in exchange for money. Compl., Ex. D at 1–3. The agreement stated: "All persons currently residing at the property must sign Vacate/Surrender Agreements on or before December 31, 2022." Compl., Ex. D at 2. Plaintiff states that he was not a party to the state court lawsuit and did not come to any agreement with the defendants in that action. Compl. at 6–7. He claims: "My agreement was a necessary condition of triggering mutual responsibilities of the stipulation even though I was not a party to it nor a signatory." Compl. at 6.

A year after plaintiff's parents entered into the stipulation of dismissal, Justice Sheares awarded judgment of possession of the premises to the state court defendants, directing the state court plaintiffs' "heirs and/or successors to vacate the Premises," directing issuance and execution of a warrant of eviction "for the removal of all occupants,

tenants, and licensees," and finding the state court plaintiffs, this plaintiff's parents, in contempt for refusing to comply with prior state court orders. Compl., Ex. I; *see also* Compl. Exs. F, G. Last week, plaintiff filed a motion in state court requesting the eviction scheduled for June 20, 2024 be stopped, but the motion was returned because he was not a party to the action. Compl., Ex. J.

Plaintiff now moves in this Court for an order enjoining enforcement of the state court order of eviction. *See* Compl. at 4; Proposed Order at 2. He states: "Defendant has issued a warrant of ejectment against 'all occupants' of the premises even though I have never been subject to her jurisdiction and have never been a party to the case before her." Proposed Order at 2. He asserts that the order violates his due process rights to "life, liberty, and property." Proposed Order at 4. Plaintiff claims that the order of eviction and the scheduled eviction will cause him to "suffer immediate irreparable injury in losing possession of my home and lose all position to have the culprits comply with the contract or go away," and that "[l]osing possession will also damage the perfecting of meritorious adverse possession claim." Compl. at 9.

In addition to injunctive relief, plaintiff also asks this Court to declare that "Judge Sheares' orders and judgment are illegal . . . since they purport to have jurisdiction over me and my property when she does not." Compl. at 9.

## DISCUSSION

### I.      Standard of Review

Courts are required to give special consideration to *pro se* litigants, those individuals who are not attorneys and are representing themselves in court. This means that they are not expected to meet the same standards required for formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In giving *pro se*

3

complaints special consideration, the Court must look for the strongest arguments in the complaint. *Id.*; *Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191-93 (2d Cir. 2008). If the Court finds any possibility that "a valid claim might be stated," the Court should give the *pro se* plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000). Where amendment would be "futile," an amended complaint should be denied. *Id.*

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all factual allegations contained in the complaint are assumed to be true, this rule does not apply "to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

A federal district court has the inherent power to dismiss a case *sua sponte* if it determines that the action is frivolous. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000). "[A] complaint will be dismissed as frivolous when it is clear that the defendants are immune from suit." *Kelsey v. Clark*, No. 22-22, 2023 WL 1980307, at *1 (2d Cir. Feb. 14, 2023) (quoting *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (internal quotations omitted).

    II.    <u>Judicial Immunity</u>

As an initial matter, plaintiff cannot bring his claims against the named defendant. Judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. *Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020).

4

"A judge will not be deprived of immunity because the action [she] took was in error, was done maliciously, or was in excess of [her] authority; rather, [she] will be subject to liability only when [she] has acted in the clear absence of all jurisdiction." *Gross v. Rell*, 585 F.3d 72, 84 (2d Cir. 2009) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)); *see also Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) ("[E]ven allegations of bad faith or malice cannot overcome judicial immunity.").

Judicial immunity may be overcome only if the court is alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). In an action against a judicial officer involving the deprivation of rights through an act or omission made in a judicial capacity, "injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

In this case, plaintiff's only claim against Justice Sheares is that she issued orders in a case to which she was the assigned judicial officer. These actions are within the justice's official capacity.

Plaintiff argues that Justice Sheares did not have jurisdiction over him because he was not a party to the lawsuit. Indeed, the lawsuit was initiated by plaintiff's parents and concerned the rights of ownership and occupancy in the premises. Plaintiff's parents, who presumably asserted legal rights to ownership and occupancy in the state court action, agreed to surrender their potential claims in exchange for money. Compl., Ex. D at 2. They agreed to deliver the premises vacant and agreed that "[a]ll persons currently residing at the property" would sign vacate/surrender agreements on or before December 31, 2022. Compl., Ex. D at 2. When plaintiff's parents failed to deliver pursuant to that agreement, Justice Sheares issued orders to them and their "heirs and/or successors to vacate the

5

Premises" and ordered "the removal of all occupants, tenants, and licensees." Compl., Ex. I.

While plaintiff was not a party to the underlying lawsuit, the premises he wishes to continue to occupy and presumably assert ownership interest over was the subject of the lawsuit. Justice Sheares addressed questions on the legal right of occupancy for this home, and it was within her jurisdiction to assign ownership rights as part of the lawsuit before her. And, as noted above, the justice ordered not only for plaintiff's parents to vacate the premises, but also their "heirs and/or successors." Plaintiff fits squarely in the categories of people included in the state court's orders. He is arguably an heir or successor to his parents, he has not claimed otherwise, and, as he notes in his complaint, he currently occupies the premises. Compl. at 5. The state court action thus involved plaintiff's right to occupy the premises.

Plaintiff has not alleged that a declaratory decree was violated or that declaratory relief was unavailable in state court. Plaintiff also does not provide any additional support for his challenge of the state court's jurisdiction, nor does he plausibly infer that Justice Sheares went beyond the scope of her judicial office, acted in a non-judicial capacity, or otherwise forfeited judicial immunity. The complaint is therefore dismissed as frivolous. *See e.g.*, *Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019) ("Because [the defendant, a state-court judge,] was . . . clearly entitled to judicial immunity, the district court did not err in *sua sponte* dismissing the claims against her as frivolous.").

III. <u>Anti-Injunction Act</u>

Moreover, under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Where none of the exceptions apply, the Anti-Injunction Act functions as "an absolute prohibition against any injunction of any state-court proceedings." *Vendo Co. v. Lektro Vend Corp.*, 433 U.S. 623, 630 (1977); *see also Allen v. N.Y.C. Hous. Auth.*, No. 10-cv-168, 2010 WL 1644956, at *3 (S.D.N.Y. Apr. 20, 2010) ("Courts in this Circuit have repeatedly held that the Anti-Injunction Act bars a federal court from enjoining state-court eviction proceedings."); *Watkins v. Ceasar*, 88 F. App'x 458, 459 (2d Cir. 2004) (affirming denial of request to "enjoin summary eviction proceedings" as barred by the Anti-Injunction Act); *Isaac v. Schiff*, No. 21-cv-11078, 2022 WL 3290679, at *2 (S.D.N.Y. Aug. 11, 2022) (denying *pro se* plaintiff's order to show cause seeking to enjoin an eviction proceeding). Plaintiff does not assert that any of the exceptions apply, nor does the Court so find. Accordingly, to the extent plaintiff seeks to challenge an order in a pending state court proceeding, this Court declines to intervene.

## **CONCLUSION**

For the reasons set forth above, the action is dismissed as frivolous and plaintiff's request for injunctive relief is denied. To the extent plaintiff intends to raise state law claims regarding the ownership and right of occupancy of the premises, those claims are dismissed without prejudice to renew in an appropriate forum. Because plaintiff is proceeding *pro se*, the Court has considered whether to grant leave to amend, but finds that amendment would be futile. Although Plaintiff has paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this

7

order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is requested to enter judgment and FedEx a copy of this Order to plaintiff and note the mailing on the docket.

**SO ORDERED.**

                                                 */s/ Natasha C. Merle*
                                                 NATASHA C. MERLE
                                                 United States District Judge

Dated:       June 17, 2024
               Brooklyn, New York